

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00017-CR
_____

OMAR BENITEZ ARIAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 216th District Court
Gillespie County, Texas
Trial Court No. 6599, Honorable N. Keith Williams, Presiding

July 2, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Omar Benitez Arias, appellant, appeals the trial court's judgment by which he was convicted for failing to comply with sex-offender registration requirements, a state-jail felony, and sentenced to two years' confinement in a state-jail facility. Appellant filed an appeal and counsel was appointed.[1]

---

[1] Because this appeal was transferred from the Fourth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

Appointed counsel filed a motion to withdraw and an *Anders*[2] brief in the cause. Through those documents, counsel certified that, after he diligently searched the record, the appeal was without merit. Accompanying the brief and motion is a copy of a letter informing appellant of counsel's belief that there was no reversible error and of appellant's right to file a response, pro se. In supplemental correspondence, counsel provided appellant a copy of the clerk's and reporter's records of the proceeding. By letter dated April 18, 2019, this Court also notified appellant of his right to file his own response by May 20, 2019. To date, appellant has not filed a pro se response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal, which included the sufficiency of the evidence and the constitutionality of the relevant portion of the sex-offender registration statutes. Counsel provided analysis and authority to support his conclusion that neither of those areas present an arguable issue for appeal. In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover any arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) (en banc). That review led us to agree with counsel's assessment save one item to be modified.

The trial court's judgment of conviction identifies the relevant provision under which appellant was convicted as article 62.102(b)(1) of the Texas Penal Code; there being no such provision, we are confident that the relevant provision is, in fact, article 62.102(b)(1) of the *Texas Code of Criminal Procedure* and the incorrect code was a mere clerical error. Consequently, we modify the trial court's judgment to reflect that appellant was convicted

---

[2] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

of an offense under article 62.102(b)(1) of the Texas Code of Criminal Procedure. TEX.

R. APP. P. 43.2(b).

    In all other things, the judgment is affirmed as modified. We grant the pending

motion to withdraw.[3]


                                       Brian Quinn
                                       Chief Justice

    Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Texas Court of Criminal Appeals.